| | |
|---|---|
| **IN THE UNITED STATES DISTRICT COURT** | |
| **FOR THE EASTERN TEXAS DISTRICT** | |
| **MARSHALL DIVISION** | |

| | |
|---|---|
| The Moorish Republic, | Case: |
| Petitioner | |
| v. | Verified Claim of Human Trafficking, Misapplication of Statutes, Fraud, and Violations of the Several Human Rights Treaties. |
| STATE OF TEXAS, | |
| Respondent | |
| | Bench Trial Demanded |

## INTRODUCTION

We, the Moorish Republic Nation bring this action under Aliens Action for Tort for the Defendant's misapplication of its statutes, commercial fraud, and violations of the several Human Rights Treaties.

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to Title 28 U.S.C. §§ 1330(a),(b),(c), 1350, 1605(2)(3)(5).  The venue in this judicial district is proper under Title 28 U.S.C. § 1402.

## NATURE OF THIS ACTION

As the Moorish Republic are not U.S. or state citizens, this action is of an International nature.  Therefore the Law of Treaties must be adhered to.

## PARTIES

➤ Plaintiff, The Moorish Republic, represented by Menes Ankh El, Chief Representative of the Moorish Republic.

➤ Plaintiff is informed and believes that Defendant, STATE OF TEXAS is a foreign for-profit municipal corporation whose officers and contractors enforce the Defendant's administrative statutes.

## WAIVER OF IMMUNITY

The Defendant's actions complained of are commercial in nature pursuant to the 27 C.F.R. §72.11 as well as pursuant to Title 1, Ch. 1, §1.07(a)(38) of STATE OF

31    TEXAS'S penal code.  Therefore, the Defendant has waived its immunity through

32    the commercial actions of its agents, under Title 28 USC 1605. (See also

33    ATACADERO STATE HOSPITAL v. SCANLON, 473 U.S. 234, 105 S.Ct. 3142).

34    ### JUSTICIABILITY

35        Pursuant to Dred Scott v. Sanford and the 14th Amendment, Moorish

36    Republic Nationals are not state or U.S. citizens or nationals.  Historically, the

37    Defendant is foreign to North America, making it a foreign entity to the Moorish

38    Republic under the Alien's Action for Tort statute, Title 28 U.S.C. § 1350.

39        Pursuant to the Enclave Clause, the 14th Amendment, and the Organic Act of

40    1871, the Defendant is a foreign corporation in relation to United States.  Pursuant

41    to 27 CFR §72.11, the Defendant's actions are purely commercial in nature giving

42    this Court proper jurisdiction under Title 28 U.S.C. 1605(a)(1),(2).

43    ### STANDING

44        I, Menes Ankh El, am the Chief Representative of the Moorish Republic.  I

45    am to the Moorish Republic Nation what the President is to United States.  As that

46    is My position, it is My duty to protect all of the Nationals of the Moorish Republic

47    who have chosen Me to represent Them as the Chief of the Nation, just as the

48    President's duty to protect and represent all U.S. citizens who have chosen him.

49        The Moorish Republic are not U.S. citizens.  Moorish Republic culture has no

50    ties nor any place for ties to the British Accredited Regency (B.A.R.).  Its origins,

51    after all, begin and remain with the several European nations who had a hand in

52    the enslavement of Our Ancestors.  In Our Culture, Our people speak for

53    Themselves.  In Our Culture, I am lawyer as well as the Chief Representative, and I

54    speak for those of My people who cannot speak for Themselves.

55        In the instant action, Rykeen Bey, a National of the Moorish Republic, is

56    unable to speak for himself in any such manner as would compel this Court to grant

57    him any form of relief.  Therefore, he has chosen Me, the Chief of His Nation, to

58    speak on His behalf.  As this is an issue between two nations, the Supremacy

59    Clause and the Law of Treaties must be adhered too.  This is also the reason for the

60    Alien Action for Tort statutes used in the jurisdictional statement.

61        Refusal of this Court to allow Me, as Chief of a Nation foreign to United
62  States and the several colonial United States of America, to defend a National of the
63  Moorish Republic violates the several Human Rights Treaties that United States is
64  signatory to, and has ratified.

65    ❖ Vienna Convention on the Law of Treaties between States and International
66       Organizations, Article 27 §1, "A State party to a treaty may not invoke the
67       provisions of its internal law as justification for its failure to perform the
68       treaty", signed March 21 1986.

69    ❖ International Convention on the Elimination of All Forms of Racial
70       Discrimination, Part I, Article 1 §1, "In this Convention, the term "racial
71       discrimination" shall mean any distinction, exclusion, restriction or
72       preference based on race, colour, descent or national or ethnic origin which
73       has the purpose or effect of nullifying or impairing the recognition, enjoyment
74       or exercise, on an equal footing, of human rights and fundamental freedoms
75       in the political, economic, social, cultural or any other field of public life",
76       signed September 28, 1966.

77    ❖ International Covenant on Economic, Social, and Cultural Rights, Part I,
78       Article 1 §1, "All peoples have the right to self-determination.  By virtue of
79       that right they freely determine their political status and freely pursue their
80       economic, social, and cultural development", signed October 5, 1977.

81    ❖ International Covenant on Civil and Political Rights, Article 1 §1, "All
82       peoples have the right of self-determination, By virtue of that right they
83       determine their political status and freely pursue their economic, social and
84       cultural development", signed October 5, 1977.

85                   **CLAIMS FOR RELIEF**

86       Plaintiff incorporates by reference the statements and allegations contained
87  in Line 1 to 84 above, as if fully set forth herein.

88    **1. The Defendant has imprisoned a National of the Moorish Republic**
89       **through the misapplication of its Administrative Statutes.**

90    The codes and statutes that the Defendant is enforcing against Rykeen Bey
91    (known to the Defendants as Freddie Jimmerson) are called color of law.  By
92    definition, color of law looks like law but is not law.  Pursuant to Title 1, Ch. 1,
93    §1.07(a)(38) of STATE OF TEXAS'S penal code, the statutes being enforced in the
94    Defendant's Court do not apply to Him.

95    According to the STATE OF TEXAS code, the statutes being enforced only
96    apply to fictional entities.  As that is the case, the codes and statutes that the
97    Defendant is enforcing can only apply to the Defendant's citizens, public officials,
98    and those who contract with the Defendant.

99    Due to the statutory nature and origin of the statutes being enforced and the
100   administrative jurisdiction of the Defendant's courts, the statutes can only be
101   enforced against officers of Defendant and other state and local public officials
102   within the STATE OF TEXAS municipal corporate structure and hierarchy,
103   fictional entities created under the statutes (bodies politic, corporations, etc.).

104   **2. Defendant is committing Commercial Fraud against a National of the**
105   **Moorish Republic.**

106   Through the use of fraudulent commercial and administrative processes, the
107   Defendant has imprisoned Rykeen Bey and has openly refused to answer challenges
108   to the court's subject-matter jurisdiction to do so, thus committing commercial fraud
109   and human trafficking.

110   Placing the Defendant's action at issue in proper context, the Defendant, a
111   municipal corporation, has initiated a civil/commercial (quasi-criminal) action, in an
112   administrative/commercial forum, in the name of said fictional entity, against
113   Rykeen Bey for a violation of STATE OF TEXAS'S administrative statutes.

114   In the proper context, the Defendant must show Rykeen Bey's liability to
115   STATE OF TEXAS or its administrative statutes through some sort of agreement or
116   contract; or show how He has injured the STATE OF TEXAS municipal corporation.
117   Rykeen Bey is a National of the Moorish Republic with no contractual obligations to
118   STATE OF TEXAS or any of its subsidiaries, and thus has no contractual liability
119   to STATE OF TEXAS.

120 **3. The Defendant is violating several Human Rights Treaties to which**
121 **the Defendant is a signatory to under Article VI of the United States**
122 **Constitution.**

123 The Defendant's actions, as described above, also violate the several human
124 rights treaties through the dehumanization, denationalization, forced assimilation,
125 and human trafficking of Rykeen Bey.

126 **CONCLUSION**

127 Aside from the commercial fraud and misapplication of statutes, the
128 Defendant's acts of denationalization and forced assimilation are violations of
129 Article VI through violation of several human rights treaties.

130 **AFFIRMATION**

131 We, the Moorish Republic, do hereby affirm and certify that the foregoing
132 statements and allegations are true, correct, and accurate to the best of Our
133 informed knowledge and belief.

134 **RELIEF REQUESTED**

135 ❖ The immediate release of Rykeen Bey.
136 ❖ An order for Defendant to permanently cease and desist all actions
137 against Rykeen Bey.
138

139 Respectfully submitted,

140  /s/ Menes Ankh El

141 Menes Ankh El,
142 Chief Representative of the Moorish Republic

143
144 
145
146 The Moorish Republic
147 Telephone: (317)590-7563
148 P.O. Box 88062
     Indianapolis, Indiana  46208
149 CapStoneLawFirm@gmail.com

Page **5** of **6**

150        **CERTIFICATE OF SERVICE**

151   I certify that this document was mailed to the U.S. District Court for the Eastern

152   District of Texas on March 28, 2024.

153                        /s/ *Menes Ankh El*

154                             Menes Ankh El